BOARD OF TRUSTEES OF THE FREE PUBLIC LIBRARY OF THE CITY OF UNION CITY, ETC., ET AL., PLAINTIFFS-APPELLANTS, v. THE CITY OF UNION CITY, IN THE COUNTY OF HUDSON, A BODY CORPORATE AND POLITIC, OF THE STATE OF NEW JERSEY, ET AL., DEFENDANTS-RESPONDENTS.

JOSEPH L. FREIMAN, PLAINTIFF-RESPONDENT, v. THE CITY OF UNION CITY, IN THE COUNTY OF HUDSON, A BODY CORPORATE AND POLITIC OF NEW JERSEY, JAMES LAGOMARSINO AND PAUL LOMBARDO, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued September 14, 1971—Decided September 27, 1971.

Before Judges KILKENNY, LABRECQUE and LANE.

*Mr. Joseph L. Freiman* argued the cause *pro se* as respondent and for appellants.

*Mr. Victor P. Mullica* argued the cause for respondents and cross-appellants.

PER CURIAM. The judgment of the Chancery Division, both as to the appeal and cross-appeal, is in all respects affirmed for the reasons stated by Judge Larner in his opinion, reported in 112 *N. J. Super.* 484 (1970), and in his unreported opinion covering the entitlement of Mr. Freiman to $1065 for services in representing the library board of trustees.

We add only this brief supplement to clarify questions raised before us at oral argument.

The status of the attorney for plaintiffs-appellants with regard to the continued prosecution of the Board of Trustees of the Union City Library appeal need not be determined by us. His legal services for the board of trustees were terminated before oral argument; however, he continues to represent the individual plaintiffs-appellants who claim to be aggrieved by reason of a subpoena to testify before the investigating committee having been served upon them. To that extent, therefore, these appellants may continue to prosecute this appeal through their attorney who still represents them. We were advised at oral argument that the

board of trustees, as now constituted, has taken no official action either directing continuance of the appeal on its behalf or disavowing continuance.

Counsel for the individual board members, who are appellants herein, expressed concern about the absence of any limitation upon the interrogation of these board members as individuals with reference to matters that may have antedated their appointment to the board in January 1970. It was stated at oral argument that under no circumstances should they be questioned concerning matters anterior to their appointment to the board, or having no relevancy to their official conduct. It was stated by counsel for these individuals that they should not be harassed by questions tending to promote purely political ends. We need not decide this issue in a vacuum. If and when judicial intervention becomes necessary, the aggrieved parties may apply to the Chancery Division to fix appropriate limitations. We do not retain jurisdiction.

Affirmed.